■ EILEEN SHANAHAN, as Administratrix of the Estate of BERTHA DE-LANY, Deceased, Appellant, v MARY MANNING WALSH NURSING HOME, INC., et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered June 8, 1978, unanimously reversed, on the law and in the exercise of discretion, to the extent appealed from, and plaintiff-appellant's motion to strike items from defendants-respondents' demand for a bill of particulars granted in so far as to strike Demands Nos. 2, 3, 6 and 7, without costs and without disbursements. Objection to Demand No. 11 has been withdrawn. More than enough detail concerning the complained of acts of malpractice has been furnished in the complaint itself to obviate the necessity for repetition in a bill. (See CPLR 3043, subd [a], par [3].) Further, the demands, though separately numbered, are repetitious to a great extent. Concur—Lupiano, J. P., Evans, Markewich and Sullivan, JJ.

■ DORIS B. MOSKIN, Appellant-Respondent, v JOHN R. MOSKIN, Respondent-Appellant.—Judgment, Supreme Court, New York County, entered April 25, 1978, unanimously modified, on the facts and in the exercise of discretion, to increase prospectively from the date of the order entered hereon the amount awarded as alimony to $40,000 per annum, to provide that counsel fee granted in the judgment shall cover the services rendered upon this appeal, and otherwise to affirm, without costs and without disbursements. We deem the sum awarded inadequate to the extent indicated, noting, *inter alia,* on the one hand, that the burden of income tax payments on the alimony has shifted with the awarding of judgment, and, on the other, that the family for which provision is made has dwindled from five to but one person, even though the standard of living is viewed as at the same level which heretofore obtained. Defendant-appellant is well able to shoulder any reasonable burden of support, as he has maintained throughout. Concur—Kupferman, J. P., Birns, Silverman, Markewich and Sandler, JJ.